UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 2:08-cr-0392-GEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THOMAS JESSE GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

Court-appointed defense counsel William E. Bonham ("Counsel") requests attorney's fees under the Criminal Justice Act ("CJA") for his representation of Defendant Thomas Jesse Garcia ("Garcia"). Counsel submitted billing worksheets supporting his request. Since the portion of the request addressed below is unauthorized under the CJA, this Order is filed on the public docket.

Counsel first submitted a cover letter dated February 17, 2009, to which he attached billing worksheets. I responded to the February 17 request as follows: "It is unclear whether some of [the] billing is for practice in state court[,] so the voucher is returned for clarification. I doubt that counsel was given authority under the CJA for [the] 12/15/08 billing, and am now questioning whether other billing was for a state matter."

1

Subsequently, Counsel submitted another cover letter dated February 27, 2009, to which he attached revised billing worksheets. Counsel explains in the February 27 letter:

> I did appear at [Garcia's] bail hearing in Sacramento Superior Court at the request of defendant's attorney Deputy Public Defender K. Karlson in order to verify with the District Attorney and the Court, the facts and circumstances of the Federal Charge as well as the conditions of release, the amount of the Property bond, details of U.S. Pre-Trial Services supervision as well as to address any other questions raised at the hearing regarding the Federal case.

Comparison of Counsel's billing worksheets attached to his February 17 letter with those attached to his February 27 letter, reveals Counsel revised his billing entries for December 11 and 15, 2008. Counsel's initial and subsequent descriptions of the same billing entry for December 15, 2008 are as follows: the billing attached to Counsel's February 17 letter Counsel states, "Dept. 60 state ct. conf. case w/ Judge ROMAN & DDA C. Carlson, & PD Ridgeway re: hrg. Judge ordered release on $5,000 bail: T/C-S. Sanchez & D a/f D's release  2.2"; whereas the billing entry attached to Counsel's February 27 letter states, "Consulted with Sac Co. PD Ridgeway, DDA C. Carlson, Superior Ct. Judge Roman as to the conditions of release ordered by the US Magistrate & the amount of bail  2.2."

Counsel's initial and subsequent descriptions of the same billing entry for December 11, 2008 are as follows: the billing entry attached to Counsel's February 17 letter states, "C-w/PD K. Karlson in placing VOP case on calendar for 12/15 in Dept. 60(numerous T/C's to PD) further arranged to add case on for night ct. calendar on 12/15  1.2;" whereas the billing entry attached to

2

Counsel's February 27 letter states, "C-w/PD K. Karlson re: placing VOP case on calendar 12/15 (as soon as possible) because federal release order was signed 12/8 but D will not be released until VOP matter is settled. Coordinated to secure release at both federal & state level  1.2."

It appears Counsel intended the revisions to show a connection between Counsel's representation of Garcia in the federal and state cases, and to minimize what Counsel did on the state matter.  It is questionable why Counsel revised the character of his representation of Garcia in the state matter, and thus, disappointing that the Court was required to use the billing entries attached to Counsel's February 17 letter to glean the true nature of Counsel's work on Garcia's state matter.  An attorney has a duty of candor when explaining a service for which attorney's fees are sought under the CJA, and here all pertinent information concerning the December 11 and 15, 2008 billing entries should have been contained in the February 27 submittal.

Counsel was not authorized under the CJA to spend time working on Garcia's state court proceeding.  Congress did not intend federal CJA resources to be used for CJA counsel to assume a role tantamount to being co-counsel with a state public defender at a state court proceeding, which Counsel did on December 15, 2008. See generally, In re Lindsey, 875 F.2d 1502, 1507-08 (11th Cir. 1989) ("We conclude . . . this section [does not] entitle[] Lindsey to the assistance of a federally-appointed lawyer . . . in state court [since] Lindsey will be neither 'seeking relief under' section 2254 nor pursuing 'ancillary matters' as those terms are used in section 3006A."); House v. Bell, 332 F.3d 997, 998-99 (6th

Cir. 2003) ("We agree with our sister circuits that Section 848(q)(4)(B) must be construed narrowly and agree with their conclusion that the statute does not authorize federal compensation for representation in state proceedings."). Nor was the time Counsel spent on December 11, 2008, "working primarily on [a] state law issue[] and proceeding[]" reasonably expended in Garcia's federal case. Hill v. Lockhart, 992 F.2d 801, 803-04 (8th Cir. 1993).

For the stated reasons, 3.4 hours shall be reduced from the attorney's fees Counsel seeks.

Dated: March 12, 2009

GARLAND E. BURRELL, JR.
United States District Judge